UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH A. MAZZIOTTI, II                                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:05CV-129-S

PURE H2O BIO TECHNOLOGY, INC.                                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion of the defendant, Pure H2O Bio Technology, Inc. ("Pure"), to dismiss for lack of standing.

In this action, Joseph A. Mazziotti, II ("Mazziotti") claims ownership of certain intellectual property, namely a water purification process allegedly designed by him and Richard Polley prior to 2001. His claims in this action are as follows:

1. That a controversy exists between Mazziotti and Pure regarding the ownership and rights to the water purification process necessitating a declaratory judgment;

2. That Pure has taken and converted to its own use the intellectual property belonging to Mazziotti, namely the water purification process, thus allegedly constituting conversion; and

3. That Pure has been and will be unjustly enriched by its possession and use of the water purification process developed by Mazziotti.

In moving to dismiss for lack of standing, Pure contends, and it is not disputed, that on September 3, 2003, Mazziotti filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky. It is also undisputed that in his bankruptcy schedules, under the listing "Patents, Copyrights, and Other Intellectual Property,"

Mazziotti indicated that he had "none." The court is advised that Mazziotti's bankruptcy was closed in May of 2004, and the court assumes that a discharge was granted.

Pure contends that Mazziotti has no standing to assert his claims in this action because:

1. Mazziotti disclaimed ownership of any intellectual property as of September 3, 2003, including the water purification process which he now claims ownership of and the rights to in this lawsuit.

2. If Mazziotti owned any rights to the water purification process, the ownership of those rights became property of his bankruptcy estate. Because no abandonment was made by the bankruptcy trustee, Mazziotti has no ownership interest in the intellectual property forming the basis of his lawsuit in this matter.

In response, Mazziotti contends that his cause of action had not accrued at the time he filed bankruptcy. Of course, it would seem from the chronology Mazziotti has filed with the court that the cause of action had, indeed, accrued. Furthermore, that is not the issue. Pure's motion does not assert lack of ownership of the cause of action. Rather, it asserts that Mazziotti does not have any rights to the water purification process because he either disclaimed ownership in his bankruptcy petition, or the rights to the process vested in Mazziotti's trustee in bankruptcy. Mazziotti contends that if this court believes that some proceedings are necessary in the bankruptcy court as a result of the matters set forth, that this action should be stayed rather than dismissed. The court believes that is inappropriate inasmuch as it is clear that one of two possibilities occurred:

1. Mazziotti does not own any rights to the water purification process upon which he sues in this action, or

2. Mazziotti owned the rights to the water purification process, and failed intentionally or unintentionally to list them in his bankruptcy petition, resulting in no abandonment by the trustee, from which the court concludes that Mazziotti has no standing to bring this action.

Under the circumstances, holding this matter in abeyance is inappropriate. Unless and until Mazziotti's ownership of the rights and intellectual property described in this action is clarified, he

- 3 -

should not be permitted to retain this lawsuit as a pending litigation.  The defendant is entitled to a non-prejudiced dismissal.

Because the court accepts Pure's argument that Mazziotti has not demonstrated standing to assert his claims in this action, the court believes that the counterclaim of the defendant must also be dismissed without prejudice since it is protectively founded upon the notion that a controversy exists between Pure and Mazziotti regarding ownership of the water purification process.  Inasmuch as the court concludes that Mazziotti lacks standing to assert his claims in this action because he did not own the intellectual property at the time he filed bankruptcy, or if he did that rights to the property passed to the bankruptcy trustee, the basis for the plaintiff's claim for a declaration of rights evaporates.

A separate order will be entered in accordance with this memorandum opinion.  Further, a copy will be served upon Gordon A. Rowe, Jr., the Trustee in Bankruptcy for Mazziotti's bankruptcy case.

cc:     Counsel of Record

        Gordon A. Rowe, Jr., Esq.
        Trustee in Bankruptcy
        1436 Starks Building
        455 South Fourth Street
        Louisville, Kentucky  40202